IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Danesh Varner, Plaintiff(s),

vs.

Shoreside Petroleum, Inc., Defendant(s).

CASE NO. 3AN-18-7919

SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT

To Defendant: Shoreside Petroleum, Inc.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Isaac Zorea, whose address is: PO Box 210434, Anchorage, AK 99521.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.courts.alaska.gov/forms.htm, to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Henderson and to a magistrate judge.

[ ] This case has been assigned to District Court Judge _____.

CLERK OF COURT

13 July 2018
Date

By: _____ Deputy Clerk

I certify that on 13 July 2018 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk: _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/13)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

Exhibit A
Page 1 of 6

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

DANESH VARNER,

    Plaintiff,

v.

SHORESIDE PETROLEUM, INC.,

    Defendant.

Case No. 3AN-18-7919 CI

## COMPLAINT
### Amended

COMES NOW, Danesh Varner, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

## I. JURISDICTION

1.1. At all relevant times, plaintiff, Danesh Varner, resided in Anchorage, Alaska, Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Shoreside Petroleum, Inc., has maintained significant business connections in Anchorage, Alaska, Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

## II. FACTS

2.1. On or about June 2010, plaintiff Danesh Varner began his employment with defendant Shoreside Petroleum, Inc., working as a night shift hose truck driver.

2.2. On May 2011, plaintiff Danesh Varner's job titled changed to Dispatcher.

Complaint: *Varner v. Shoreside Petroleum, Inc.* — 1 of 5 —

2.3. Between July 15, 2015 through November 15, 2015, Danesh Varner was required to carry the company phone with his on a 24 hour, 7 day a week basis.

2.4. During period between July 15, 2015 through November 10, 2015, when Mr. Varner maintained Shoreside Petroleum, Inc.'s phone for 168 hours each week, he was only compensated for 40 those hours. The remaining 128 hours of overtime, each week, was unpaid by defendant.

2.5. During the period between November 11, 2015 through October 15, 2016, Mr. Varner was responsible for answering Shoreside Petroleum, Inc.'s office phones for on average 115 hours per week.

2.6. During period between November 11, 2015 through October 15, 2016, when Mr. Varner maintained Shoreside Petroleum, Inc.'s phone for on average 115 hours each week, he was only compensated for 40 those hours. The remaining 75 hours of overtime, each week, was unpaid by defendant.

2.7. At all times relevant to this lawsuit, Mr. Varner ably performed his job duties and received no written discipline, nor was he verbally counseled based on performance.

2.8. At all times relevant to this lawsuit, Mr. Varner was the only African-American working at the job site that he worked at, which was the main office for Shoreside Petroleum, Inc.

2.9. On or about October 2016, Mr. Varner was demoted from his position as Dispatcher and a Caucasian employee, with less experience than Mr. Varner, was given his position.

2.10. In response to his demotion, which was clearly for race-related reasons, Mr. Varner filed a complaint with the EEOC, alleging racial discrimination.

2.11. After filing the complaint, Mr. Varner experienced increased hostility at the workplace, making the work environment unsafe and overly hostile.

2.12. Mr. Varner was constructively discharged from Shoreside Petroleum, Inc. in May 2017.

## CAUSES OF ACTIONS

A. VIOLATION OF FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED (29 USC § 201 et seq.).

3.1. Danesh Varner incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.12.

3.2. Plaintiff Danesh Varner alleges that at all relevant times during his employment with Shoreside Petroleum, Inc., he was not classified as an employee exempt from overtime, nor were his job duties the type that would permit such a classification.

3.3. Plaintiff Danesh Varner alleges that during all relevant times during his employment with defendant, he worked hours in excess of 40 hours per week and greater than 8 hours per day.

3.4. Plaintiff alleges that despite working overtime hours, he was never paid for his overtime work.

3.5. Plaintiff Danesh Varner alleges that Shoreside Petroleum, Inc. had clear and direct knowledge that the hours he worked were compensable overtime hours, thereby making a three year statute of limitation appropriate.

3.5. Plaintiff Danesh Varner alleges that defendant violated the provisions within the Fair Labor Standards Act when it failed to pay him for over 5,776 overtime hours, at an overtime rate of $36.83 per hour, or $212,730.08 of unpaid overtime.

3.8. For Shoreside Petroleum, Inc.'s violations of the Fair Labor Standards Act, Plaintiff seeks all damages available under law, including unpaid overtime hours, unpaid paid time off hours, prejudgment interest, liquidated damages and penalties, and actual attorney fees.

B. <u>Disparate Treatment and Retaliation on the Basis of Race: Violation of 42 U.S.C. § 1981.</u>

3.9. Danesh Varner incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.12, and alleges that defendant, Shoreside Petroleum, Inc., violated the Civil Rights Act of 1866, codified as 42 U.S.C. § 1981.

3.10. Plaintiff, Danesh Varner, alleges and affirms that he is a member of a racial classification, African-American, that is protected from discrimination, and/or retaliation, under the federal statute 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

3.11. During the period of plaintiff's employment for defendant, Shoreside Petroleum, Inc., Danesh Varner experienced disparate treatment on the basis of his racial classification, when he was demoted and replaced by a less experienced Caucasian employee.

3.12. Danesh Varner also alleges that defendant Shoreside Petroleum, Inc., in addition to subjecting him to disparate treatment, also retaliated against him when he filed a complaint with the EEOC.

3.13. Plaintiff, Danesh Varner, alleges that the conduct outlined in paragraph 3.9 to 3.12 above, violated the protections provided him within federal statute 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, which prohibits disparate treatment and retaliation based on race.

3.15. As compensation for the conduct alleged above, plaintiff, Danesh Varner, seeks all remedies available under 42 U.S.C. § 1981, including but not limited to, compensatory damages, lost pay, lost opportunity for advancement, emotional damages, humiliation, punitive damages, and attorney fees.

/

/

Complaint: *Varner v. Shoreside Petroleum, Inc.* — 4 of 5 —

Case 3:18-cv-00189-TMB   Document 1-1   Filed 08/15/18   Page 5 of 6

Exhibit A
Page 5 of 6

## PRAYER OF RELIEF

WHEREFORE, Plaintiff Danesh Varner, requests judgment against defendant Shoreside Petroleum, Inc., as follows:

1. Full and complete payment of all unpaid overtime compensation that Shoreside Petroleum, Inc., failed to pay to Danesh Varner for the over 5,776 hours he worked answering and being responsible for its work phones, amounting to over $425,460.16 with penalties, with exact amount to be established at trial;

2. Payment by Danesh Varner of all penalties permitted against it, specifically pursuant to 29 U.S.C. § 216(b), but additionally any penalties and/or liquidated damages permitted under law.

3. Full and complete payment of all back wages, future wages, prejudgment interest, liquidated damages, and punitive damages caused when Shoreside Petroleum, Inc., treated him in a disparate manner, created a hostile work environment and retaliated against Danesh Varner because of his Race, in an amount within the jurisdictional limit of this court, with an exact amount to be proven at trial.

4. Actual reasonable attorney fees, pursuant to the Federal Fair Labor Standards Act, and/or 29 U.S.C. § 626(b), or 42 U.S.C. § 1988, and all permitted prejudgment interests on the unpaid wages.

5. Plaintiff seeks punitive damages and emotional distress damages in an amount to be decided by the jury.

6. Plaintiff Danesh Varner seeks such other relief as the court may deem just and proper based on the egregious nature of defendants' conduct.

Dated: August 8, 2018

_____
Isaac D. Zorea
ABA No. 0011090
Counsel for Danesh Varner

Complaint: *Varner v. Shoreside Petroleum, Inc.* — 5 of 5 —